IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID Y. J.,[1]

    Plaintiff,

v.                                                                           1:24-cv-01192-JMR

FRANK BISIGNANO,[2] Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff David Y. J.'s motion to reverse and remand, filed on April 18, 2025. Doc. 20. Defendant filed a response (Doc. 25) and Plaintiff filed a reply (Doc. 26). The parties consented to my entering final judgment in this case pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b). Docs. 8, 12, 13. Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff's motion is not well-taken, and it will be DENIED.

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses only Plaintiff's first name and middle and last initials. In so doing, the Court balances Plaintiff's privacy interest in his personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

[2] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

I.     **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation omitted). The court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (quotation omitted). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (quotation omitted). While the court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*,

---

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; or (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61.  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

---

[4] Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1.

### III. Background and Procedural History

Plaintiff was born in 1987, completed one year of college, and has previously worked for a sign company, as a non-medical transport driver, and in masonry, roofing, and maintenance. AR 226, 273.[5] Plaintiff filed applications for Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") in July 2022. AR 217–34. Plaintiff alleged disability since October 2, 2021, due to post-traumatic osteoarthritis of the left ankle; "back problems from walking crooked"; and a disfigured right middle finger. AR 217, 272. The Social Security Administration ("SSA") denied his claim initially on September 29, 2022. AR 99–108. The SSA denied his claim on reconsideration on June 6, 2023. AR 121–28. Plaintiff requested a hearing before an ALJ. AR 133–34. On January 19, 2024, ALJ Rebecca Sartor held a hearing. AR 32–56. ALJ Sartor issued her unfavorable decision on April 10, 2024. AR 11–31.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 2, 2021, his alleged onset date. AR 17. At step two, the ALJ found that Plaintiff had three severe impairments: osteoarthritis, degenerative disc disease, and obesity. *Id.* The ALJ found Plaintiff's finger injury to be nonsevere. *Id.*

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 17–18. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 18–24. The ALJ found Plaintiff had the RFC to perform sedentary work, with the additional limitation of avoiding "concentrated exposure to hazards." AR 18.

---

[5] Documents 9-1 through 9-8 constitute the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

4

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work—his composite job of "building maintenance repairer" and "maintenance mechanic"; his composite job of mason and roofer; his job as a carpenter; and his job as a driver. AR 24–25. The ALJ found Plaintiff not disabled at step five because he could perform jobs that exist in significant numbers in the national economy—such as dowel inspector, document preparer, and final assembler. AR 33–34.

Plaintiff requested review by the Appeals Council. AR 211–13. On September 24, 2024, the Appeals Council denied the request for review. AR 1–6. Plaintiff timely filed his appeal to this Court on November 25, 2024. Doc. 1.[6]

## IV. Analysis

Plaintiff argues that the ALJ erred by failing to include "an intermittent need for crutches" in his RFC. Doc. 20 at 1, 9–14. The Court notes that there are two different "intermittent" time periods at issue in this case: intermittent throughout the week and intermittent throughout the months and years comprising the relevant time period. Plaintiff's brief conflates these two definitions of intermittent, rendering his brief somewhat confusing. While there is some overlap in the legal and evidentiary analysis of each of these intermittent time periods, for clarity the Court examines each intermittent time period separately.

First, there is Plaintiff's claim that he needs to use crutches intermittently throughout the week due to pain. Plaintiff testified at the ALJ hearing that he used crutches during times of increased pain, which happened "at least twice a week." Doc. 20 at 10 (citing AR 47). Plaintiff

---

[6] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. §§ 404.981, 416.1481; *see also* AR 2.

claims that the ALJ failed to adequately consider his use of crutches as a "symptom" of his pain in formulating his RFC. *Id*. at 9–14.

Second, there is Plaintiff's claim that he needs to use crutches intermittently throughout the months and years constituting the relevant time period. Plaintiff asserts that his need for crutches comes and goes over the months and is a "fluctuating or intermittent symptom" caused by his underlying impairments. Doc. 26 at 2. Plaintiff claims the ALJ failed to adequately consider his recurring need for crutches that arose intermittently over the months.

In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should be affirmed. Doc. 25. For the reasons explained below, the Court agrees with the Commissioner. The Court finds that the ALJ adequately considered Plaintiff's intermittent use of crutches—whether the intermittent use is throughout the week or throughout the months and years constituting the relevant time period.

**A. The ALJ adequately considered Plaintiff's reported need to intermittently use crutches throughout the week.**

Plaintiff asserts that his use of crutches is a "symptom" of his pain that the ALJ failed to adequately consider. Doc. 20 at 9–14. Plaintiff argues that "he needs to use the crutches at least a couple times a week" and that the ALJ offered no reason for rejecting this limitation. *Id*. at 12–13. In Plaintiff's view, "the best that the ALJ could do was to ultimately agree that [he] intermittently used the crutches, instead of all the time. This is not a contradiction; this is, instead, exactly what [he] has consistently reported." *Id*. at 13. The Commissioner asserts that Plaintiff mischaracterizes the ALJ's findings. Doc. 25 at 2. As the Commissioner points out, "[t]he ALJ never found Plaintiff had an ongoing need for the intermittent use of crutches (defined by Plaintiff as two full days a week)" but instead "appropriately noted that Plaintiff had only used crutches 'intermittently' related to particular times post-surgery." *Id.* The Court

agrees with the Commissioner that the ALJ never found that Plaintiff had a need to use crutches intermittently throughout the week.  The Court also finds that the ALJ adequately considered Plaintiff's allegations that he needed to use crutches a few times a week, applied the proper test for symptom evaluation, and supported her RFC symptom analysis with substantial evidence.  In short, the Court sees no error.

When evaluating a claimant's symptoms, the regulations require the ALJ to use the two-step framework set forth in 20 C.F.R. §§ 404.1529, 416.929.  First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.  20 C.F.R. §§ 404.1529(b), 416.929(b).  Second, if the first step is met, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.  20 C.F.R. §§ 404.1529(c), 416.929(c).  In assessing the intensity and persistence of a claimant's alleged symptoms, the ALJ must consider all the evidence in the record.  SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017).  This includes the objective medical evidence, statements from the claimant, medical source records (including a longitudinal record of any treatment and its success or failure), and information from non-medical sources.  *Id.* at *6–7.  The ALJ's decision "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Court sees no legal error in the ALJ's analysis of Plaintiff's symptoms.  The ALJ completed the two-step framework required to analyze Plaintiff's symptoms.  First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms."  AR 21.  Second, the ALJ found that Plaintiff's "statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id*.

The ALJ then went on to support the second step of her symptom analysis with substantial evidence. The ALJ expressly considered the statements Plaintiff made about his use of crutches. SSR 16-3p, 2017 WL 5180304, at *6 (in assessing symptoms, ALJ considers statements from the claimant). In his motion, Plaintiff notes that he reported "sometimes" using crutches "when [his] ankle swells" in an August 25, 2022 function report. Doc. 20 at 10 (citing AR 292, 298). Plaintiff also notes that he testified before the ALJ that he uses crutches during times of increased pain, which happened "at least twice a week." *Id.* (citing AR 47). The ALJ adequately considered this testimony in formulating Plaintiff's RFC. The ALJ expressly acknowledged that Plaintiff testified that "he uses crutches intermittently when in pain." AR 19. The ALJ also expressly acknowledged Plaintiff's August 25, 2022 function report stating that "he sometimes used crutches." *Id.* The ALJ, however, found that the evidence did not support a finding that Plaintiff required crutches at least twice a week, and the ALJ supported this finding with substantial evidence:

> The claimant's statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the hearing-level record because while the record does include evidence of the claimant fracturing his left ankle on October 2, 2021, while the record does include evidence of the claimant subsequently undergoing ORIF and hardware removal surgery, and while the record does include evidence of the claimant having infections in his left ankle and septic arthritis in his left ankle, the claimant's longitudinal record evidenced the claimant recovering from his surgeries/infections generally well.
>
> Specifically, the record only includes intermittent instances of the claimant ambulating with crutches/a cane, and the record generally evidenced the claimant being able to ambulate reasonably well with an Allard boot. For instance, by September 2022, the claimant was noted as being able to ambulate with an Allard boot, and in January 2024, the claimant was instructed to continue to use a boot

>when ambulating. The undersigned notes that the record does not contain longitudinal evidence of the claimant being told to use bilateral crutches or a two-handed assistive device when ambulating.
>
>Additionally, while the claimant did exhibit, intermittently, reduced strength and tenderness in his left lower extremity, the undersigned notes that the claimant otherwise had normal strength in his other extremities. Further, the undersigned notes that the claimant was not noted to consistently demonstrate edema and/or swelling in his left lower extremity, rather, the claimant, on occasion, was noted as having mild edema in his left lower extremity. Moreover, the undersigned notes that the record does not contain evidence of the claimant being instructed to elevate his leg throughout the day.
>
>To summarize, the claimant fractured his ankle and subsequently underwent surgery. The claimant subsequently recovered, though his recover[y] was complicated by repeat infections. After his surgeries, the claimant was generally able to bear weight with use of a boot/brace. As such, based upon the aforementioned, the undersigned concludes that nothing in the record indicates that the claimant is unable to perform sedentary work.

AR 21–22. The ALJ thus provided substantial evidence for her finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 21.

Plaintiff proposes alternate conclusions the ALJ could have drawn from the evidence, but the mere possibility of drawing alternate conclusions does not show error. Plaintiff asserts that the ALJ should have found his symptoms—including his alleged need to use crutches twice a week—consistent with the evidence of record. *See* Doc. 20 at 10–11 (explaining this reading of the evidence). But the ALJ adequately considered all the evidence in the record and came to an opposite conclusion. *See* SSR 16-3p, 2017 WL 5180304, at *8. The ALJ supported her analysis of Plaintiff's symptoms with substantial evidence, and her analysis of Plaintiff's symptoms is free from legal error. Therefore, the Court must decline Plaintiff's invitation to reweigh the evidence and to reach a conclusion different than that of the ALJ. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's

findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (cleaned up).

### B. The ALJ adequately considered Plaintiff's intermittent use of crutches throughout the months and years constituting the relevant time period.

Plaintiff claims that he needs to use crutches intermittently throughout the months and years constituting the relevant time period. Plaintiff asserts that his need for crutches comes and goes over the months and is a "fluctuating or intermittent symptom" caused by his underlying impairments. Doc. 26 at 2. Thus, Plaintiff claims, the ALJ failed to adequately consider his recurring need for crutches that arose intermittently over the months. In the Commissioner's view, the ALJ concluded that "the medical evidence showed Plaintiff used crutches only at times related to recovery from surgery." Doc. 25 at 5. The Commissioner asserts that Plaintiff's "'intermittent' use of crutches was related to increased pain surrounding surgical procedures, and did not last for any continuous period of longer than 12 months." *Id.* at 7–8. Therefore, the Commissioner concludes, the ALJ was justified in excluding the intermittent use of crutches from Plaintiff's RFC. The Court agrees with the Commissioner.

The ALJ is only required to include the need for crutches in the RFC when two conditions are met: (1) the use of crutches is "medically required"; and (2) the use of crutches meets the twelve-month durational requirement.

First, the ALJ is only required to include the use of crutches in the RFC if the use of crutches is "medically required." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). For the ALJ to find the use of crutches is medically required "there must be medical documentation establishing the need for [crutches] to aid in walking or standing, and describing the circumstances for which [they are] needed (i.e., whether all the time, periodically, or only in

10

certain situations; distance and terrain; and any other relevant information)." *Id.* While a prescription is not required, the claimant is required "to present medical documentation establishing the need for the device." *Staples v. Astrue*, 329 F. App'x 189, 191–92 (10th Cir. 2009) (unpublished). The ALJ "must always consider the particular facts of a case." SSR 96-9p, 1996 WL 374185, at *7.

Second, the ALJ is only required to include the use of crutches in the RFC if the limitation lasts for twelve months. The twelve-month durational requirement applies to impairments, to inability to engage in substantial gainful activity, and to RFC limitations. In order to be found disabled, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax*, 489 F.3d at 1084 (citing *Barnhart v. Walton*, 535 U.S. 212, 218–19 (2002)). Finally, "[b]ecause of the duration requirement, [the ALJ] will not include limitations in the RFC assessment that completely

11

resolve, or that [the ALJ] expect[s] to completely resolve, within 12 months."[7]  SSR 23-1p, 2023 WL 8236247 , at *5 (Nov. 7, 2023).[8]

The ALJ reasonably found that Plaintiff's use of crutches did not meet the twelve-month durational requirement.  The ALJ's decision to omit the use of crutches from Plaintiff's RFC is free from legal error and supported by substantial evidence.  Plaintiff argues that the ALJ "never offered a logical explanation" for excluding the need for crutches from his RFC.  Doc. 20 at 10.  The Court does not agree.  The ALJ thoroughly discussed the evidence related to Plaintiff's use of crutches.  And the ALJ explained why Plaintiff's intermittent use of crutches did not meet the twelve-month durational requirement.

The ALJ first found that Plaintiff did not meet the twelve-month durational requirements for crutches at step two.[9]  At step two, the ALJ found that Listing 1.17 (Reconstructive Surgery or Surgical Arthrodesis of a Major Weight Bearing Joint) and Listing 1.18 (Abnormality of a Major Joint in any Extremity) were not met because the record did not contain a "documented medical need" for bilateral crutches.  AR 17.  A "documented medical need" in the Listings means that there is "evidence from a medical source that supports [claimant's] medical need for

---

[7]Plaintiff asserts that it is only the "impairment that has a durational requirement," not the limitation stemming from the impairment.  Doc. 26 at 2.  However, the law is clear that Plaintiff must also show that he is unable to engage in substantial gainful activity for twelve months.  *Lax*, 489 F.3d at 1084.  And whether or not Plaintiff can engage in substantial gainful activity is dependent on his limitations.  Here, Plaintiff's ability or inability to engage in substantial gainful activity is solely dependent on whether or not he needs to use crutches, as that is the only issue Plaintiff raises in his motion.

[8] SSR 23-1p applies to "new applications filed on or after the applicable date of the SSR and to claims that are pending on and after the applicable date."  SSR 23-1p, 2023 WL 8236247, at *2, n.5.

[9] The Court is aware that step two findings are separate from the required RFC findings.  The Court includes the step two findings because they are consistent with the ALJ's RFC findings—both conclude that Plaintiff did not meet the twelve-month durational requirements for crutches.

an assistive device (see 1.00C2b) *for a continuous period of at least 12 months* (see 1.00C6a)." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(C)(6)(a) (emphasis added). In support of her finding that Plaintiff did not need crutches for a continuous twelve-month period, the ALJ cited medical evidence showing Plaintiff was repeatedly instructed to walk without crutches:

> See e.g., Ex. 4F, p. 14 (the claimant was instructed that he could transition to full weight bearing with a walking boot/ankle brace); Ex. 10F, p. 46 (the claimant during an August 2023 examination was instructed to use a boot and was told that he could bear weight); Ex. 11F, p. 6 (the claimant was noted as having a normal gait during a January 2023 examination); Ex. 13F, p. 32 (the claimant during a March 2023 examination reported that he was able to walk with the support of a brace); and id. at p. 89 (the claimant was noted to ambulate with a cane and regular shoes).
>
> Thus, as the preceding citations indicated, while the claimant was instructed to wear a boot/ankle brace, the claimant was generally able to bear weight on his left ankle (not including periods of time right after his surgeries), and the claimant was not instructed to use a walker, bilateral crutches, or any other sort of assistive device the requires the use of both hands.

AR 18.

Next, in determining Plaintiff's RFC, and consistent with her step two findings, the ALJ found that Plaintiff's use of crutches was only intermittent and therefore did not meet the twelve-month durational requirement. Specifically, the ALJ concluded that "the record only includes intermittent instances of the claimant ambulating with crutches/a cane, and the record generally evidenced the claimant being able to ambulate reasonably well with an Allard boot." AR 22. The ALJ further found that "the record does not contain longitudinal evidence of the claimant being told to use bilateral crutches or a two-handed assistive device while ambulating." *Id.* The ALJ supported these conclusions with a detailed discussion of Plaintiff's medical records and treatment. *See* AR 19–21 (detailed discussion of Plaintiff's left ankle injury, surgeries, infections, and intermittent use of crutches). The ALJ further supported these conclusions in discussing the persuasiveness of the medical opinions. *See* AR 23–24. The ALJ found the opinions of the state

13

agency doctors—finding Plaintiff capable of performing work without the use of any assistive devices (AR 60–63, 82–86)—persuasive because their opinions were consistent with the hearing-level record, which "included evidence of the claimant, after his surgeries, being able to tolerate weight with the use of a boot/ankle brace." AR 23.  The ALJ found the opinion of treating provider Dr. Hugentobler—that Plaintiff would require an assistive device[10]—unpersuasive because "the hearing level record included evidence of the claimant, after his surgeries, being able to tolerate weight with the use of a boot/ankle brace, and the hearing-level record otherwise generally evidence[s] the claimant having normal strength and range of motion other than in the left lower extremity." AR 24.  The ALJ clearly laid out the evidence supporting her conclusion that Plaintiff's use of crutches did not meet the twelve-month durational requirement.  The ALJ's decision to omit the use of crutches from Plaintiff's RFC is free from legal error and supported by substantial evidence.

     Plaintiff argues that his need for crutches over the months is a "fluctuating or intermittent symptom" caused by his underlying impairments.  Doc. 26 at 2.  Plaintiff analogizes his impairments to "asthma, epileptic seizures, and migraine headaches"—noting that the SSA recognizes that "[e]ven though one does not always have an asthma flare, a seizure, or a migraine, the recurrent nature of these conditions, with intermittent limitations to work, supports a finding of disability." *Id*. at 2–3.  Plaintiff, however, fails to show that his impairments cause the same type of fluctuating and intermittent symptoms as the impairments that he cites.  Plaintiff cites Social Security regulations and rulings showing asthma, epileptic seizures, and migraine headaches can cause fluctuating, intermittent symptoms that can be disabling.  Doc. 26 at 2–3.

---

[10] Dr. Nicholas Hugentobler opined that Plaintiff needed to use a brace and/or a cane for standing, walking, transitioning from sitting to standing, and from standing to sitting.  AR 1554.

Yet he cites no such regulations and rulings showing that his impairments— osteoarthritis, degenerative disc disease, and obesity—similarly cause fluctuating, intermittent symptoms that can be disabling.[11]  It is clear from the ALJ's statements regarding the fact that Plaintiff was advised to use crutches only after his surgeries that the ALJ viewed the times that Plaintiff used crutches as independent events that each lasted less than twelve months in duration, rather than as recurrent symptoms of an omnipresent impairment.  While Plaintiff proposes an alternate reading of the evidence, he points to nothing in the record to show the ALJ's reading of the evidence is unreasonable.  Plaintiff's bald assertions are not enough to overcome the ALJ's thorough analysis supported by substantial evidence.

Thus, the ALJ provided a reasonable explanation supported by substantial evidence for finding that Plaintiff's use of crutches did not meet the durational requirements.  And, as Plaintiff admits in his reply, because the ALJ "offered a reasonable explanation for why she was rejecting the use of crutches, then Plaintiff [can]not reasonably appeal this case just to ask this Court to reweigh the evidence, which would be improper."  Doc. 26 at 2; *see also Grogan*, 399 F.3d at 1262 (Court may not reweigh the evidence or try the issues de novo).  The Court finds no reversible error in the ALJ's conclusion that Plaintiff did not require crutches as part of his RFC.

---

[11]  Plaintiff argues that remand is required to allow the ALJ to assess his "need for crutches on an intermittent basis during pain flares associated with [his] chronic osteomyelitis."  Doc. 20 at 13.  The Court notes that the ALJ did not include chronic osteomyelitis as one of Plaintiff's medically determinable impairments.  *See* SSR 96-8p, 1996 WL 374184, at *1 (RFC includes only "functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms").

## V. Conclusion

For the reasons stated above, the Court finds that the ALJ applied the correct legal standards, and her decision is supported by substantial evidence. Plaintiff's argument does not have merit.

IT IS THEREFORE ORDERED that Plaintiff's motion to reverse and remand (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's final decision is AFFIRMED, and this case is dismissed with prejudice.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent